EDWIN DORMAN & others *vs.* ALICE H. DORMAN & others.

Essex.   November 4, 1903. — February 26, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, LORING, & BRALEY, JJ.

*Release.*

The widow and children of one deceased, in settling a claim of his mother upon his estate, which his estate was insufficient to pay in full, executed a release under seal of all their claim upon the estate of the mother if she died intestate.   The mother so died, and, four years after her estate had been settled, new assets were discovered consisting of a savings bank deposit in the mother's name.   The widow and children of the deceased son claimed their distributive share in this deposit, on the ground that its existence was not known when they executed the release.  *Held*, that, to establish such a claim, they must show that, if the deposit had been known when the settlement with the mother was made, it would have been included in the settlement as a part of the mother's estate, and, as this did not appear, the release must be held to be a bar to their claim, and, in a suit in equity brought by the other children of the mother, the widow and children of the deceased son were enjoined from asserting a claim to their distributive share of the deposit.

MORTON, J.   The defendants are the children and widow of Benjamin H. Dorman a son of Sarah R. Dorman deceased. The plaintiffs are the surviving children of said Sarah.   At the time of his death Benjamin was owing his mother upwards of $6,510 of which his estate could pay only twenty-five per cent. The widow was appointed administratrix of her husband's estate and in settlement of the claim of the mother paid her $3,507.50 in cash and agreed to pay a bill of $200 which the mother was owing, making $3,707.50 in all.   This sum was arrived at by deducting from the amount due from the son's estate $1,000 given by the mother as a gratuity and the further sum of $1,802.50 which was estimated to be the share of her estate to which the defendants would be entitled if the mother were deceased intestate.   Thereupon the mother assigned her claim against the estate of the son to Alice H. Dorman one of the defendants and in consideration thereof the defendants executed an instrument under seal binding themselves not to make any claim to any part of the estate of which the mother should die possessed. This was in 1892.   The mother died in 1895 and an administra-

tor was duly appointed and filed what was supposed to be a final account in 1897. Afterwards in 1901 new assets were discovered consisting of a deposit in the Lynn Institution for Savings belonging at the time of her death to the mother. Thereupon the defendants filed a petition in the Probate Court seeking to have a portion of the newly discovered assets distributed to them as heirs at law of the said Sarah R. Dorman and the plaintiffs brought this bill, setting up the release aforesaid, to enjoin them from making any claim to said newly discovered assets. The case was heard by a judge of the Superior Court who made certain findings of fact and rulings of law and ordered a decree to be entered for the plaintiffs, which was done, and the defendants appealed. The judge found, amongst other things, that in making the settlement which was made, all parties acted in ignorance of the deposit in the Lynn Institution for Savings, and under a mistake as to the amount of the estate of Sarah R. Dorman. The judge also found that the deposit amounted at the time when the settlement was made to about $1,100, and that if it had been added to Sarah R. Dorman's estate it would have increased by about $275 the amount which was estimated in the settlement to be the share of Sarah R. Dorman's estate to which the defendants would be entitled. But the judge declared that he was unable to find as a fact, that, if the existence of the deposit had been known, one fourth of it would have been credited in the settlement, or that any different settlement would have been made from what was made. That is, as we understand the effect of what is stated, the judge was unable to find upon the evidence before him that if the deposit in the Lynn Institution for Savings had been known to the parties, it would have been included in the settlement as a part of the mother's estate.

The defendants, relying on *Turner* v. *Turner*, 14 Ch. D. 829 and similar cases, contend that the release is to be construed as applying to what was within the contemplation of the parties when it was executed, and that having been executed in ignorance of the deposit in the Lynn Institution for Savings, it does not operate to deprive them of their distributive shares of that deposit. But this contention necessarily assumes, it seems to us, what the judge was unable to find as a fact, namely, that if

the deposit in the Lynn Institution for Savings had been known it would have been included by the mother as a part of her estate in the settlement. In order to establish their right to distributive shares in that deposit the defendants must assume that if that deposit had been included the settlement would have been carried out on the same basis and in the same way on and in which it was carried out. Very likely it would have been. Indeed it would seem that the more reasonable view would be that it would have increased the willingness of the mother to settle on the basis on which she did, since her estate would have been larger and the additional amount which would have been allowed the defendants would have been small. But the evidence is not before us and in view of the finding or rather of the statement by the judge that he was unable to find that as a fact, it does not seem to us that such an assumption would be warranted. The case is not therefore altogether one of mutual mistake, or of a release executed by the parties in ignorance of certain material facts, and is distinguishable on that ground from the case of *Turner* v. *Turner, ubi supra,* relied on by the defendants.

No objection has been made that the plaintiffs are not proper parties to bring suit or that they would not be entitled to specific performance.

*Decree affirmed.*

*G. Newhall,* (*W. E. Dorman* with him,) for the defendants Alice H. and William E. Dorman.

*H. P. Moulton,* for the plaintiffs.